**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID#: 2003011505 |
| | ) | |
| DARREL COPELAND, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**ORDER ON COPELAND'S MOTION FOR POSTCONVICTION RELIEF – DENIED**

**ORDER ON COUNSEL'S MOTION TO WITHDRAW - GRANTED**

This 30th day of May, 2024, upon consideration of Defendant Darrel Copeland's Motion for Postconviction Relief ("Motion"), the State's response in opposition, Counsel's Motion to Withdraw and the record in this case, it appears to the Court that:

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. On March 23, 2020, officers with the Wilmington Police Department (hereinafter "WPD") were dispatched to 704 N. Washington Street following a complaint of a male with a firearm in the area.[1] The caller advised that the armed male had left the building and walked near West 7th and N. Madison Streets, wearing

---

[1] *See* Memorandum in Support of Motion to Withdraw as Counsel, Crim ID. No. 2003011505, D.I. 56.

black pants and a black hooded jacket.[2]  Officers arrived in the area and observed a person who matched that description and parked and exited a fully marked police vehicle.[3]

2.      Officer Naeem Johnson exited his vehicle, a man later identified to be Copeland stopped walking, made eye contact with the officer, said "aww shit," then fixed his left hand on the left side of his jacket and began to run.[4] Copeland was given commands by Officer Johnson and Cpl. Isaiah Dennison to stop, but he continued to flee, with several officers giving chase on foot.[5] Copeland did not stop, and as he fled his right arm was moving freely, while his left arm was fixed on the left side of his jacket.[6]  Copeland was observed holding a firearm during his flight.

3.      Additional officers arrived on scene and were eventually able to take Copeland into custody.  The firearm was not located on Copeland upon arrest.

4.      Copeland's path of travel was searched once he was apprehended and as a result, WPD located a handgun loaded with seven bullets in the backyard of 810 N. Madison Street.[7] The firearm's serial number uncovered that the firearm was

---

[2] *Id.* at 6.
[3] *Id.*
[4] *Id.* at 7.
[5] *Id.*
[6] *Id.* at 6.
[7] *Id.*

listed as stolen out of New Castle County's jurisdiction.[8] The firearm was not submitted to forensic DNA testing, as it was a wet and rainy day.[9]

5. On November 16, 2020, a Superior Court grand jury indicted Defendant on one count alleging Possession of a Firearm by a Person Prohibited ("PFBPP"), one count of Possession of Ammunition by a Person Prohibited ("PABPP"), Receiving Stolen Property, Criminal Impersonation, and Resisting Arrest.[10] Prior to trial, the State entered a *nolle prosequi* on the Receiving Stolen Property and Criminal Impersonation charges.[11]

6. On September 21, 2021, following a one-day jury trial, Copeland was convicted of PFBPP, PABPP, and resisting arrest.[12]

7. Following trial, the State moved to declare and sentence Defendant as a habitual criminal offender pursuant to 11 *Del. C.* § 4214(c) for the PFBPP charge.[13]

8. On April 26, 2022, the sentencing judge granted the State's motion and declared Copeland a habitual offender. Copeland was sentenced to the minimum

---

[8] *Id.*
[9] *Id.*
[10] D.I. 8.
[11] D.I. 31.
[12] D.I. 19.
[13] D.I. 22, 23; *See also* Appendix to Motion to Withdraw as Counsel, A173-183.

mandatory time of 15 years at Level V for PFBPP.[14] Copeland was given suspended Level V time for decreasing levels of probation on the PABPP charge.[15]

9. Copeland was represented by counsel for all pre-trial appearances, trial and sentencing (hereinafter "trial counsel").

10. On May 25, 2022, Copeland timely filed a *pro se* notice of appeal.[16] Counsel (hereinafter "appellate counsel") then became involved and discussed a potential appeal with Copeland.[17] After these discussions, Copeland filed a voluntary dismissal of appeal, with Defendant's permission.[18]

11. On January 3, 2023, acting *pro se*, Defendant filed a Motion for Modification of Sentence.[19] This Court denied that motion.[20] No appeal followed.

## II. MOTION FOR POSTCONVICTION RELIEF

12. On October 20, 2022, Copeland filed the instant *pro se* Motion for Postconviction Relief[21] and a letter to supplement his Motion (collectively hereinafter "Rule 61 Motion").[22] Copeland then filed three successive motions for

---

[14] D.I. 22.
[15] *Id.*
[16] D.I. 25.
[17] *See* Affidavit of appellate counsel, D.I. 36.
[18] D.I. 32.
[19] D.I. 37.
[20] D.I. 41.
[21] D.I. 33.
[22] D.I. 48.

appointment of counsel,[23] as well as numerous letters to multiple judges of the Superior Court.[24] On June 13, 2023, the Court granted his application for counsel[25] and counsel (hereinafter "postconviction counsel") was appointed for this postconviction proceeding.[26]

13.   Copeland's Rule 61 Motion and supplemental letter essentially argues: 1) he had a right to call a witness; 2) Ineffectiveness of trial counsel for failing to file a suppression motion and for not having requested a bench trial; 3) "requirement standard of fairness of reasonable and not imaginary doubt;" and 4) ineffective assistance of appellate counsel for failing to explain the consequences of withdrawing his appeal.[27]

14.   Following his appointment and review of the record and file, postconviction counsel filed a Motion to Withdraw as Counsel under Superior Court Criminal Rule 61(e)(7).[28] In so moving, counsel states that, "[h]aving thoroughly considered and reviewed [Copeland's] Motion for Postconviction Relief, [counsel]

---

[23] D.I. 39, 43, 45.
[24] D.I. 38, 44, 47.  The trial judge had retired between denying the motion for sentence modification, following the filing of the instant motion.  A new presiding judge was appointed to the instant motion pursuant to Superior Court Criminal Rule 61(d)(1).
[25] D.I. 52.
[26] D.I. 52.
[27] D.I. 33, 48.
[28] D.I. 56. Rule 61 Counsel served Defendant a copy of the withdrawal motion and advised Defendant of his right under Rule 61(e)(7) to respond within 30 days.

cannot ethically advocate for the claim presented, or any other possible claim."[29]

Copeland's response to the Motion to Withdraw does not oppose the request to withdraw; but disagrees that the claims are meritless and reiterates the same arguments raised in his motion.[30]

15. Both trial and appellate counsel filed their respective Affidavits addressing Defendant's ineffective assistance of counsel claims.[31] The State has filed its opposition to Defendant's postconviction motion.[32]

16. Before addressing the merits of a postconviction motion, the Court must apply the procedural bars of Superior Court Criminal Rule 61(i).[33] A motion for postconviction relief is procedurally barred for time limitations, successive motions, procedural defaults, and formerly adjudicated claims.[34] If any one of those procedural bars exists, the Court will not consider the merits of the postconviction claim.[35] Defendant's motion is timely, as it was filed less than a year after his

---

[29] *Id.* at 20.
[30] Copeland seemingly attempts to attack the effectiveness of postconviction counsel in his response, but that allegation will not be considered in this proceeding, nor does it appear to have any valid basis as evidenced by the detailed and legally supported motion filed by postconviction counsel. Neither is Copeland entitled to appointed counsel of his choosing. D.I. 64.
[31] D.I. 50 and 36.
[32] D.I. 51 and 58.
[33] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[34] Super. Ct. Crim. R. 61(i)(1)-(4).
[35] *Id.*

conviction became final. This is Defendant's first postconviction motion, therefore it is no barred as repetitive.

17. Under Rule 61(i)(3), any claim for "relief that was not asserted in the proceedings leading to the judgment of conviction . . . is thereafter barred, unless the movant shows . . . cause for relief from the procedural default and . . . prejudice from violation of the movant's rights."[36] This rule is inapplicable to claims of ineffective assistance of counsel, however, as these claims could not have been raised on direct appeal.[37] Copeland's ineffective assistance claims therefore, are not procedurally barred.

### III. DISCUSSION

#### A. Defendant's "Bias" and "Impartial and Substantial Justice" Claims

18. Copeland's Grounds One and Three aver his right to call a witness was "violated for unreasoned judgment," and he "should be treated equally under the Constitution or other law."[38] As established above, Copeland voluntarily withdrew his direct appeal. Therefore, even had Copeland articulated his claim as required under Criminal Rule 61,[39] this claim is procedurally barred under Rule 61(i)(3). Not

---

[36] Super. Ct. Crim. R. 61(i)(3).
[37] *Lopez v. State*, 861 A.2d 1245, 1251 (Del. 2004), *State v. Coverdale*, 2018 WL 259775, at *2 (Del. Super. Ct. Jan. 2, 2018).
[38] D.I. 33.
[39] *Dawson v. State*, 673 A.2d 1186 (Del. 1996).

only does Copeland fail to articulate and support his claim, he fails to address the exception to the procedural bars found in Rule 61(i)(5).

19. Nevertheless, in viewing this under the veil of an ineffective assistance of trial counsel claim, which is not procedurally barred, merely not calling a witness, does not establish that either Copeland's rights were violated or was treated unequally. As noted by the Court, the State and postconviction counsel, Copeland provides no support for this allegation; he fails to name any purported witness whom he would have called to testify, or how the potential testimony would have altered the outcome.[40] Despite his many filings - in both letter and motion form - the record is devoid of any support for Copeland's allegation that he was treated unequally in any capacity. As a result, Claims One and Three of this motion are without merit.

## B. Ineffective Assistance of Counsel Claims

20. Under *Strickland v. Washington*, in order to succeed on a claim of ineffective assistance of counsel, a movant must demonstrate that: 1) counsel's representation fell below an objective standard of reasonableness, and 2) there is reasonable probability that, but for counsel's errors, the result of his proceedings would have been different.[41] Counsel's strategic choices made after a thorough

---

[40] *Strickland v. Washington*, 466 U.S. 668 (1984).
[41] *Strickland*, 466 U.S.at 688-94 (1984); *Neal v. State*, 80 A.3d 935, 946 (Del. 2013); *Ploof v. State*, 75 A.3d 811, 825 (Del. 2013) (stating "*Strickland* is a two-prong test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").

investigation of the relevant law and facts are essentially unchallengeable.[42] Entirely conclusory allegations are legally insufficient to prove ineffective, and movant must assert and substantiate concrete allegations of actual prejudice.[43]

21.     Copeland alleges trial counsel was ineffective for failing to: 1) file a motion for suppression; 2) requesting a bench trial; 3) call an "exculpatory crime scene witness;" and 4) move for judgment of acquittal at the close of the State's case in chief.[44] Copeland's claim against appellate counsel is that counsel failed to discuss the ramifications of dismissing his direct appeal.[45]

**Suppression Motion**

22.     Copeland alleges trial counsel should have filed a suppression motion, however, Defendant does not articulate which evidence should have been suppressed, nor does he offer any facts or case law to support his allegation.[46] Copeland was arrested following an unprovoked foot chase.  Reasonable, articulable suspicion of criminal activity existed given Copeland's actions upon seeing WPD exit the patrol vehicle, his statement and this flight.[47] As the record is devoid of facts to support a motion to suppress any of the evidence, trial counsel's failure to file

---

[42] *Green v. State*, 238 A.3d 160, 174 (Del. 2020).
[43] *See Zebroski v. State*, 822 A.2d 1038, 1043 (Del. 2003).
[44] D.I. 33, 44.
[45] D.I. 48.
[46] D.I. 33.
[47] *See State v. Murray*, 213 A.3d 571 (Del. 2019); *Jones v. State*, 745 A.2d 856 (Del. 1999).

such a motion was not ineffective. In fact, the record reveals that trial counsel made a reasonable, ethical, strategic decision. [48] Therefore, Copeland cannot meet his burden under either *Strickland* prong; his first claim of ineffectiveness against trial counsel fails.

**Bench Trial Request**

23. Copeland next alleges trial counsel "failed to properly represent" him because he asked for a bench trial "numerous times."[49] Trial counsel's Affidavit clarifies that the option of a bench trial discussed and it was "explained [to Copeland] that the facts were not in his favor, and he stood a better chance of a more favorable outcome" with a jury; Copeland agreed.[50] Defendant's second allegation of ineffective assistance of counsel also fails. Trial counsel made a strategic decision to move forward with a jury trial after explaining and discussing the trial process with Copeland, and eventually even received his approval. Therefore, it cannot be found that counsel's representation fell below an objective standard of reasonableness here. Nor can it be found that requesting a bench trial would have changed the outcome of the proceeding.

24. As pointed out in the Motion to Withdraw, simply making the request to waive jury trial is not the end of the analysis. The State has a right to a jury trial,

---

[48] *See Poteat v. State*, 931 A.2d 437 (Del. 2007).
[49] *Id.*
[50] D.I. 50.

and there is no evidence in the record with respect to the State's position as to a waiver of that right. Moreover, Copeland cannot claim ineffective assistance of counsel after having agreed to the informed trial strategy.

**Witness Claims**

25. Copeland further claims that trial counsel was ineffective for failing to have called an "exculpatory crime scene witness" to establish he did not have a firearm.[51] This claim fails on its face. A postconviction claim must assert concrete allegations of cause and actual prejudice to substantiate it, or risk summary dismissal.[52] Copeland's claims lack the required specificity for a thorough analysis of this claim. The day-to-day conduct of the defense is solely within the province of trial counsel,[53] therefore any analysis to overcome Copeland's *Strickland* burden with the aforementioned understanding of deference to trial strategy cannot be completed upon this record. As a result, this claim is denied.

**Motion for Judgment of Acquittal**

26. Copeland alleges trial counsel was ineffective for failing to move for judgment of acquittal.[54] When considering a motion of judgment of acquittal, the trial judge must determine whether any rational trier of fact, viewing the evidence in

---

[51] D.I. 44.
[52] *Dawson v. State*, 673 A.2d 1186 (Del. 1996).
[53] *Cooke v. State*, 977 A.2d 803, 840 (Del. 2009).
[54] D.I. 44.

the light most favorable to the non-moving party, could find the defendant guilty beyond a reasonable doubt of all the elements of a crime.[55] Considering the evidence in a light most favorable to the State, Copeland cannot establish that such a motion would have been successful. The evidence against Copeland was more than sufficient to be presented to a jury. Copeland's flight and statement upon observing WPD, the recovered gun from Copeland's path of travel immediately following his arrest, as well as his observations while fleeing provided the State with evidence to meet their burden under the requisite standard of review. The fact that forensic testing was not completed on the firearm does not create any such assumption that a motion for judgment of acquittal would have been granted. As such, it was reasonable for trial counsel to forgo making a perfunctory motion as the record doesn't support any evidence that any such motion would have been successful. Therefore, this claim fails as well.

**Withdrawal of Direct Appeal**

27. In his final claim of ineffective assistance of counsel, Copeland argues appellate counsel was ineffective in that he failed to explain the consequences of dismissing his appeal.[56] The same *Strickland* standard applies for review of

---

[55] *Priest v. State,* 879 A.2d 575, 577 (Del.2005).
[56] D.I. 48.

appellate counsel performance.[57]   In the submitted Affidavit, appellate counsel contends that "after a thorough review of the record, [counsel] did not believe there were any meritorious issues for the Supreme Court to address on direct appeal."[58] Counsel also articulates that it was explained to Copeland that the option existed for him to file a non-merit brief if Defendant chose to pursue the appeal.[59]  The record shows that Copeland made an informed decision to withdraw his direct appeal and expediate his postconviction motion, as all of his claims surrounded ineffectiveness.[60] From the record, the Court finds Copeland made an informed, voluntary decision to withdraw his direct appeal and that he has not shown prejudice from the withdrawal.  It was reasonable for appellate counsel to act in this accord and Copeland cannot show, even if unreasonable, that the result of the appellate proceeding would have been different.   Therefore, Copeland's final claim of ineffective assistance of counsel fails.

### III.   MOTION TO WITHDRAW AS COUNSEL

28.    Under Superior Court Criminal Rule 61(e)(6), a postconviction counsel may file a motion to withdraw if counsel "considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware

---

[57] *Neal v. State*, 80 A.3d 935, 941-942 (Del. 2013).
[58] D.I. 36.
[59] *Id.*
[60] *Id.*

of any other substantial ground for relief available to the movant."[61] Postconviction counsel has provided the Court with a thoroughly outlined Memorandum in Support of the Motion to Withdraw as Counsel explaining why he cannot ethically continue representing Defendant.[62] The Court is satisfied that Rule 61 Counsel meets the requirements under Rule 61(e)(6) for withdrawal.

## V.  CONCLUSION

29.    For the reasons stated, Defendant's Motion is **DENIED**, and Rule 61 Counsel's Motion to Withdraw is **GRANTED**.

**IT IS SO ORDERED.**

_____
Danielle J. Brennan, Judge

Original to Prothonotary

cc:    Darrell Copeland, SBI: 00618335
Samuel Kenney, Deputy Attorney General
Patrick J. Collins, Esquire

---

[61] Super Ct. Crim. R. 61(e)(6).
[62] D.I. 56 and 57.